UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
GLENDON BROWN, also known as, :
MARTINMO DENZEL BROWN, *pro se*, :
:
Plaintiff, : **SUMMARY ORDER**
: 11-CV-1164 (DLI)
-against- :
:
2149-53 PACIFIC STREET H.D.F.C. INC.; :
FRANCIS SEAMOIE, President & C.E.O., New :
York Residential Works, Inc., BRYON SEAMOIE, :
Vice President & son of Francis Seamoie; N.Y. :
RESIDENTIAL WORKS, INC., :
:
Defendants. :
---------------------------------------------------------------- x

**DORA L. IRIZARRY, United States District Judge:**

On January 20, 2011, plaintiff Glendon Brown, currently incarcerated at Clinton Correctional Facility, filed this *pro se* action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York. By order dated March 9, 2011, the case was transferred to this court. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. However, as set forth below, the complaint is dismissed.

**Background**

Plaintiff alleges that, in "mid 1999," he purchased a three-bedroom apartment at 2149-53 Pacific Street in Brooklyn "for cash at then market rate for $125,000." (Compl. at 3.) Plaintiff further alleges that he was arrested on September 28, 2005, but that his son continued to pay the monthly maintenance fee of $402. (*Id.*) Plaintiff alleges that defendants "change[d] the lock" and illegally evicted plaintiff's son from the apartment. (*Id.* at 3, 6.)

1

Plaintiff also alleges that defendant Francis Seamoie, the manager of the 2149-53 Pacific Street building through Seamoie's company, New York Residential Works, Inc., underpaid plaintiff on various unspecified jobs, took advantage of plaintiff's immigration status, and threatened plaintiff's life. (*Id.* at 5-7.) Plaintiff seeks damages in excess of $30 million and injunctive relief.

## **Standard of Review**

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## **Discussion**

Plaintiff alleges that the basis for jurisdiction is that the case raises a federal civil rights violation. It therefore appears that Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "A

§ 1983 claim has two essential elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted).

Even a liberal reading of the complaint fails to demonstrate a § 1983 claim because Plaintiff names only private actors and a private corporation, and Plaintiff has not alleged that any of these defendants have acted under color of state law. It is well-settled that § 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat. Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)). Therefore, the complaint fails to state a claim on which relief may be granted.

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted). However, a court may deny an opportunity to amend "when amendment would be futile." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009) (internal quotation marks and citation omitted). Here, it is clear from Plaintiff's submissions that there is no possibility of a plausible § 1983 claim against these defendants. Therefore, any attempt to amend the complaint would be futile. *See Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile). Accordingly, the complaint is dismissed with prejudice.

## **Conclusion**

The complaint, filed *in forma pauperis*, is dismissed in its entirety with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:       Brooklyn, New York
               April 15, 2011

                                                            /s/
                                           DORA L. IRIZARRY
                                   United States District Judge